**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 23 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

v.

ROBERTO BARAJAS,

       Defendant-Appellant.

No. 00-5067
(D.C. No. 99-CR-66-C)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY** and **LUCERO**, Circuit Judges.

Defendant-Appellant Roberto Barajas pled guilty on September 7, 1999, to

one count of conspiracy to possess with intent to distribute and to distribute

methamphetamine and cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and

841(b)(1)(A)(ii)(II) and (viii).  He entered into a standard plea agreement.  It

provided that Barajas was responsible for approximately ten pounds (4.5

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

kilograms) of methamphetamine. The plea agreement permitted Barajas to appeal only his sentence. Pursuant to the plea agreement, Barajas fully cooperated with the United States government, and thus the government recommended a two-point downward departure for substantial assistance in accordance with United States Sentencing Guideline § 5K1.1. The government also recommended that Barajas receive a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. The sentencing court adopted those recommendations, and it also found Barajas eligible for the "safety valve" provision under U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f). Consequently, on April 10, 2000, the court found Barajas had a total offense level, after all reductions, of twenty-seven and a criminal history category of I, giving a sentencing range of seventy to eighty-seven months. The court sentenced Barajas to seventy months imprisonment, five years supervised release, $750 fine, and $100 special monetary assessment.

Barajas appealed alleging that he was not treated fairly by the sentencing court. His attorney filed a brief with this court pursuant to Anders v. California, 386 U.S. 738 (1967), stating that "[a]fter a conscientious examination of the record below, and issue presented in this appeal having been thoroughly researched, it is counsel's belief that there is no merit to the issue." (Br. at 2.) Pursuant to our duty under Anders, we conducted an independent review of his

sentence, <u>see</u> <u>id.</u> at 744, and we agree that the appeal is frivolous.  Therefore, we GRANT counsel's request to withdraw and DISMISS the appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge